Angelina Mariscal, Esq.
State Bar #348534
P.O. Box 396
Perris, CA 92572
Telephone: 951-238-9013
Email: Angelina.attorney@gmail.com

Attorney for Plaintiff, ORLANDO CHECHITELLI

Electronically Filed
Superior Court of California
County of San Bernardino
Rancho Cucamonga District
3/25/2026 11:26
By: Brianna Rios, DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO**

ORLANDO CHECHITELLI,

PLAINTIFF,

V.

ETIWANDA SCHOOL DISTRICT, and DOES 1-10 inclusive,

DEFENDANTS.

Case No. CIVRS2602872

**COMPLAINT FOR DAMAGES**

## I. PARTIES

1. Plaintiff Orlando Chechitelli was at all relevant times a resident of San Bernardino County, State of California and a student attending Day Creek Intermediate within the Etiwanda School District
2. Defendant Etiwanda School District is a school district in San Bernardino County, State of California and receives federal financial assistance and is therefore subject to the dictates of 20 U.S.C. § 1681. ("Title IX")

## II. JURISDICTION

3. This Court has jurisdiction because all Defendants are located in California and the events giving rise to these claims occurred in San Bernardino County, State of California.

///

///

## III. VENUE

4. Venue in this Court is proper because the events giving rise to this claim took place in this judicial district, and Defendants reside in this judicial district.

## IV. GENERAL ALLEGATIONS

5. Plaintiff attends Day Creek Intermediate (hereinafter referred to as "Day Creek"), a public school within the Etiwanda School District (hereinafter referred to as the "Defendant").

6. This complaint specifically alleges ongoing acts of sex-based discrimination, harassment, and bullying by peers, as well as severe allegations of Title IX non-compliance, lack of due process, and retaliation/privacy breaches by Defendant's personnel, all of which have created a hostile educational environment for Plaintiff, in violation of Title IX of the Education Amendments of 1972.

7. The discriminatory conduct began approximately on September 25, 2025, when Plaintiff was accused of sexual assault by another female student that attends Day Creek.

8. This persistent pattern of action has significantly impaired Plaintiff's ability to participate in and benefit from Day Creek's educational programs.

9. Defendant, primarily through Defendant's employees Ms. Silvia Fernandez (responsible staff member) and Ms. Alicia Lyon (Title IX Coordinator), committed the following violations against Orlando Chechitelli.

10. Denial of Due Process and Coercion: Ms. Fernandez allegedly labeled Orlando Chechitelli "guilty of sexual harassment" based solely on the initial statement made by Plaintiff's accuser.

11. Defendant's employees are further alleged to have coerced Plaintiff to rewrite his incident report to corroborate his accuser's account, without asking follow-up questions to the accuser or conducting a fair, impartial investigation.

12. Improper and Punitive Discipline: Immediately following the accusation, Plaintiff lost a day of academic instruction while being sequestered in Day Creek's front office.

13. Despite Defendants assertion that discipline will be put on hold pending a Title IX investigation, Ms. Fernandez backdated the incident in Day Creek's discipline record and recorded Plaintiff as "guilty of sexual assault."

14. Furthermore, Plaintiff was publicly humiliated by being escorted to the bus in front of his peers and later subjected to private transportation (small yellow bus) pick-up at home, which inappropriately treated Plaintiff as a criminal guilty of sexual assault.

15. Both Ms. Lyon and Ms. Fernandez used scare tactics and fear mongering while speaking with Plaintiff alone, and with his mother (Danielle Chechitelli) over the phone about the alleged Title IX violations and the severe legal process, including threats of standing before a judge and jury.

16. Plaintiff's private, sensitive information, including Plaintiff's denial of entry into another school, was shared and gossiped about by Defendant's employees (including a proctor informed by Day Creek's front office), demonstrating a severe and careless disregard for Plaintiff's confidentiality and privacy.

17. Even after Plaintiff's accuser retracted her initial statement, confirming that Plaintiff never sexually assaulted her, Ms. Fernandez continued to blame Plaintiff.

18. Furthermore, Plaintiff's class schedule was changed based on the discredited accusations.

## V. FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

## DENIAL OF DUE PROCESS AND COERCION

19. Ms. Fernandez's preemptive determination of guilt and coercing Plaintiff to make a false confession violated Plaintiff's due process rights under Title IX and California law.

20. Under Title IX (20 U.S.C. §1681) and 34 C.F.R. §106.45(b), schools must maintain a presumption of non-responsibility and conduct an equitable, impartial grievance process.

21. California Education Code §48911 similarly requires that disciplinary procedures afford the student notice of allegations and fair opportunity to present their version of events.

22. By labeling Plaintiff "guilty" and coercing him to rewrite his statement without investigation or representation, Ms. Fernandez violated the presumption of innocence required by 34 C.F.R. §106.45(b)(3) and deprived Plaintiff of the opportunity to meaningfully respond, violating California Education Code §48911

23. The conduct constitutes a denial of due process under Title IX and California law, rendering the resulting disciplinary record invalid

///

## VI. SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

## IMPROPER AND PUNITIVE DISCIPLINE

24. School's disciplinary actions before investigation and its stigmatizing treatment of Orlando violated Title IX and state lav.

25. 34 C.F.R. §106.44(a) prohibits disciplinary sanctions before the completion of the Title IX process.

26. California Education Code §49073 requires that student records be accurate and not misleading,

27. California Education Code §220 forbids sex based discrimination in public education

28. Ms. Fernandez's backdated entry labeling Plaintiff "guilty of sexual assault," Plaintiff's removal from instruction, and public humiliation before his peers all constitute premature punishment and discriminatory treatment based on gender.

29. These acts violated the requirement for neutrality in investigations under 34 C.F.R. §106.44(a).

30. Defendant engaged in punitive, discriminatory discipline inconsistent with Title IX and California Education Code §§220 and 49073

## VII. THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

## COERCION AND FEAR-MONGERING

31. Administrators Ms. Fernandez and Ms. Lyons threats of "standing before a judge and jury" constitute retaliation or intimidation under Title IX.

32. 34 C.F.R. §106.71(a) prohibits intimidation, threats, or coercion against any participant in the Title IX process.

33. By invoking threats of criminal prosecution and legal proceedings, Ms. Fernandez and Ms. Lyon engaged in coercive intimidation, violating the protection afforded to complainants and respondents under Title IX §106.71.

34. The intimidation of Plaintiff and his parent constitutes retaliation and coercion in violation of Title IX.

///

///

///

**VIII. FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**BREACH OF PRIVACY AND CONFIDENTIALITY**

35. Defendants disclosure of Plaintiff's private educational information to staff and students violated FERPA and California Education Code §§49073, 49079, Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. §1232g: 34 C.F.R. Part 99) prohibits disclosure of personally identifiable student information without written consent

36. California Education Code §49076(a) mirrors these restrictions at the state level.

37. Plaintiff's denial of entry into another school and disciplinary details were disclosed to staff and peers.

38. These disclosures lacked parental consent and were not necessary to serve any legitimate educational purpose.

39. Defendant's disclosures violated FERPA and California Education Code §§49073 and 49079, contributing to further harm and stigmatize Plaintiff.

**IX. FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**CONTINUED MISTREATMENT AFTER RETRACTION**

40. Defendant's continued punishment of Plaintiff after the retraction constitutes deliberate indifference and retaliation.

41. 34 C.F.R. §10644(a) mandates that once a school has actual knowledge of exculpatory evidence, it must respond promptly and not act with deliberate indifference.

42. After Plaintiff's accuser withdrew her claim, Defendant failed to clear Plaintiff's record or restore his status, showing deliberate indifference to the truth and ongoing harm.

43. The continued mistreatment after retraction constitutes retaliation and deliberate indifference under Title IX (34 C.F.R. §§106.44(a) and 106.71)

**X. SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**ONGOING HARM AND EMOTIONAL IMPACT**

44. Plaintiff's ongoing emotional distress and loss of educational opportunities constitute actionable harm under Title IX.

45. The Supreme Court recognizes that compensable injury under Title IX includes emotional distress and educational harm. (Franklin v. Gwinnett County Pub. Schs., 503 U.S. 60 (1992))

46. California Education Code §220 and California Government Code §11135 likewise prohibit discrimination that causes harm in access to educational programs.

47. Plaintiff suffers persistent anxiety, severe emotional distress, stigma, and humiliation due to the districts inaction.

48. Plaintiff's therapy and loss of academic participation show 'measurable harm.

49. Defendants failures have created a continuing hostile environment and caused legally cognizable damage under Title IX and California law.

**XI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief as to all causes of action:

1. For past, present, and future non-economic damages in an amount to be determined at trial;
2. For past, present, and future special damages, including but not limited to past, present, and future lost earnings, economic damages and others, in an amount to be determined at trial;
3. Any appropriate statutory damages;
4. For costs of suit;
5. For interest based on damages, as well as pre-judgment and post-judgment interest as allowed by law;
6. For attorney's fees pursuant to 42 U.S.C. § 1988 or as otherwise allowable by law;
7. For such other and further relief as the Court may deem proper.

Respectfully submitted.

Date: 3/25/2026

Angelina Mariscal

Angelina Mariscal, Esq.
Attorney for Danielle Chechitelli, Guardian Ad Litem for Orlando Chechitelli, and Orlando Chechitelli