UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-03777-MWC-SP Date: September 28, 2026

Title Orlando Chechitelli v. Etiwanda School District, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**PROCEEDINGS: (IN CHAMBERS) ORDER ISSUING ORDER TO SHOW CAUSE RE: SANCTIONS AND STATE BAR REFERRAL OF ANGELINA MARISCAL; GRANTING DEFENDANT'S MOTION TO STRIKE WITH PREJUDICE (DKT. [10]), GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND (DKT. [10]); AND VACATING HEARING ON MOTION TO DISMISS (DKT. [10])**

Before the Court is a Motion to Dismiss and Motion to Strike Emotional Distress Damages and Implied Demands for Punitive or Exemplary Damages ("Motion") filed by Defendant Etiwanda School District ("the District" or "Defendant"). Dkt. # 10 ("*Mot.*"). In support of its Motion, the District filed the Declaration of Anna Buczek, Dkt. # 10-2, and two exhibits attached thereto, Dkts. # 10-3–10-4. Plaintiff did not oppose, and the District filed a Notice of Non-Opposition, Dkt. # 14.

The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7–15. Having considered the papers, the Court **GRANTS** Defendants' Motion and **STRIKES WITH PREJUDICE** Plaintiff's requests for punitive damages, exemplary damages, and emotional distress damages; **DISMISSES WITH LEAVE TO AMEND** all of Plaintiff's causes of action; **VACATES** the hearing on the Motion set for October 2, 2026. The Court **SETS** an **ORDER TO SHOW CAUSE Re: Sanctions and State Bar Referral of Angelina Mariscal** for breach of the duty of candor to the Court, to be held in-person in Courtroom 6A on October 2, 2026. The Court **ORDERS** Angelina Mariscal to file a Response to the Order to Show Cause on or before September 29, 2026.

I. Procedural Background

On March 25, 2026, Plaintiff initiated his action against Etiwanda School District and unnamed Doe Defendants 1–10 in San Bernadino County Superior Court, case number CIVRS2602872. *See* Dkt. # 1-1 ("*Compl.*"). On March 31, 2026, Defendants removed the action to this Court. *See* Dkt. # 1. On August 17, 2026, the District filed the instant Motion seeking to dismiss the Complaint and strike its demand for emotional distress damages and implied demands for punitive or exemplary damages. *See Mot.* Plaintiff did not reply, and Defendant filed a Notice of Non-Opposition. *See* Dkt. # 14.

II. Factual Background

Plaintiff brings this action against his public school district relating to its investigation into his alleged sexual assault of another student. *See Compl*. The Complaint alleges the following:

Plaintiff is student residing in San Bernadino County, California who attends Day Creek Intermediate School ("Day Creek"), a public school within the District. *Id.* ¶¶ 1, 5. Etiwanda School District is a public school district in San Bernardino County, California which receives federal financial assistance and is therefore subject to the dictates of 20 U.S.C. § 1681. ("Title IX"). *Id.*

On September 25, 2025, a female student at Day Creek alleged that Plaintiff sexually assaulted her. *Id.* ¶ 7. Silvia Fernandez ("Fernandez"), a "staff member" at Day Creek, "labeled [Plaintiff] 'guilty of sexual harassment' based solely on the initial statement made by" the female student. *Id.* ¶ 10. Immediately following the female student's report, Plaintiff was removed from one day of academic instruction while being "sequestered" in Day Creek's front office. *Id.* ¶ 12. Plaintiff was "publicly humiliated by being escorted to the bus in front of his peers" and "subjected to private transportation" pick-up at home, which "treated Plaintiff as a criminal guilty of sexual assault." *Id.* ¶ 14. Plaintiff's private, sensitive information, including Plaintiff's denial of entry into another school, was "shared and gossiped about" by Defendant's employees, including a proctor informed by Day Creek's front office. *Id.* ¶ 16. Plaintiff's class schedule was changed based on the sexual assault allegations. *Id.* ¶ 18.

"[E]mployees are . . . alleged to have coerced Plaintiff to rewrite his incident report to corroborate [the female student's] account, without asking follow-up questions to [the female student] or conducting a fair, impartial investigation." *Id.* ¶ 11. After the female

student retracted her initial statement, Fernandez "continued to blame Plaintiff." *Id.* ¶ 17. Fernandez "backdated the incident" in Day Creek's discipline record and recorded Plaintiff as "guilty of sexual assault." *Id.* ¶ 13. Fernandez and Title IX Coordinator Alicia Lyon ("Lyon") used "scare tactics and fear mongering" while speaking with Plaintiff alone and with his mother over the phone about the alleged Title IX violations and the legal process, "including threats of standing before a judge and jury." *Id.* ¶ 15. These events have "significantly impaired" Plaintiff's "ability to participate in and benefit from Day Creek's educational programs." *Id.* ¶ 8.

Plaintiff's Complaint alleges six causes of action:[1] (I) "Denial of Due Process and Coercion"; (II) "Improper and Punitive Discipline"; (III) "Coercion and Fear Mongering"; (IV) "Breach of Privacy and Confidentiality"; (V) "Continued Mistreatment After Retraction"; and (VI) "Ongoing Harm and Emotional Impact." *See id.* at 3–6. Plaintiff seeks non-economic damages, special damages, statutory damages, and attorneys' fees. *Id.* at 6.

## III. Motion to Dismiss

### A. Legal Standard: Rule 12(b)(6)

Federal Rule of Civil Procedure ("Rule") 8 requires a complaint to clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131–32 (9th Cir. 2008). Pleadings that are "verbose, confusing and conclusory" are subject to dismissal. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A plaintiff fails to comply with Rule 8 if "all defendants are lumped together in a single, broad allegation." *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).

A defendant may move to dismiss a claim in the plaintiff's complaint if the allegation "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "At the pleading stage, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). To survive a motion to dismiss

[1] The Court declines to reproduce Plaintiff's statutory citations because Plaintiff has not established that his claims and the statutes to which he cites to assert them are cognizable causes of action under existing law. The Court further addresses these concerns *infra* Section VI.

under Rule 12(b)(6), the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell At. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

B. Failure to Oppose

Local Rule 7-9 provides that an opposing party shall, "not later than twenty-one (21) days before the date designated for the hearing of the motion" file either (a) a reply in opposition to the motion or (b) file a written statement indicating that the party will not oppose the motion. C.D. Cal. L.R. 7-9. Local Rule 7-12 provides, in relevant part, that the failure to file any required document "may be deemed consent to the granting or denial of the motion . . . ." C.D. Cal. L.R. 7-12.

C. Discussion

The District filed the instant Motion to Dismiss on August 14, 2026, and set it for hearing on September 18, 2026. *Mot.* Because the Court's calendar was already closed for that hearing date, the Court continued the hearing on the Motion to its next available calendar date, which was October 2, 2026. *See* Dkt. # 11. Under the Local Rules, Plaintiff's deadline to file his opposition to the motion was September 11, 2026. *See* C.D. Cal. L.R. 7-9. As of the date of this Order, Plaintiff has neither filed in opposition to the Motion, nor has he filed to indicate his intent not to oppose. Accordingly, Plaintiff's failure to file provides grounds for granting the motion to dismiss. *See, e.g., Equity Tr. Co. v. Brickhaven Condo. Ass'n*, No. EDCV152367JFWDTBX, 2016 WL 8856651, at *5 (C.D. Cal. Apr. 25, 2016) ("After reviewing the Moving Defendants' arguments and in light of the fact that, as of April 22, 2016, Plaintiff has not filed an Opposition to any of the Moving Defendants' Motions to Dismiss as required by Local Rule 7-9, the Court concludes that the Moving Defendants are entitled to a dismissal of this action."); *Campos v. Philip Morris USA, Inc.*, No. 221CV06864ABJDEX, 2021 WL 6619279, at *2 (C.D. Cal. Oct. 21, 2021) ("Plaintiff's failure to file an opposition provides independent grounds for granting the Motion [to Dismiss]."). The Court therefore **GRANTS** the Motion to Dismiss and **DISMISSES** all claims in the Complaint.

## IV. Motion to Strike

### A. Legal Standard: Rule 12(f)

Under Rule 12(f), the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may either act "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)–(2). "The function of a motion to strike under Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing of those issues before trial." *Merrell v. Marriott Int'l, Inc.*, No. 23-cv-06664-WHO, 2026 WL 657747, at *4 (N.D. Cal. Mar. 9, 2026) (awaiting publication) (citation omitted). "Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Id.* (quotation marks and citation omitted); *see also David v. George Chiala Farms, Inc.*, 809 F. Supp. 3d 954, 964 (N.D. Cal. 2025) ("[M]otions to strike are generally disfavored."). "In most cases, a motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Merrell*, 2026 WL 657747, at *4 (quotation marks and citation omitted).

### B. Discussion

The District moves to strike with prejudice "all references and prayers seeking emotional distress damages, as well as any implied demands for punitive or exemplary damages against the District" as legally immaterial. *Mot.* at 29. "Emotional distress damages and punitive damages . . . are not available when a recipient of federal financial assistance discriminates under Title IX because these are not traditional forms of relief for breach contract—i.e., it is not within the Court's power to award these types of damages." *Fisk v. Bd. of Trs. of California State Univ.*, No. 22-CV-173 TWR (MSB), 2023 WL 2919317, at *12 (S.D. Cal. Apr. 12, 2023), *modified on reconsideration,* No. 22-CV-173 TWR (MSB), 2023 WL 6585821 (S.D. Cal. Oct. 10, 2023) (citations omitted). California Government Code section 818 exempts public entities from liability for exemplary damages under California Civil Code section 3294 or "other damages imposed primarily for the sake of example and by way of punishing the defendant." Cal. Gov't Code. § 818. As a public school district, the District qualifies as a public entity immune from punitive damages. *See, e.g., K.M. v. Grossmont Union High Sch. Dist.*, 84 Cal. App. 5th 717, 742 (2022) ("We conclude Government Code section 818 precludes application of this provision to public school districts, joining our colleagues in other courts who have reached

this conclusion."); *see also A.G. v. City of San Leandro*, No. 24-CV-01273-JSW, 2025 WL 902033, at *6 (N.D. Cal. Mar. 25, 2025) (granting motion to strike punitive and exemplary damages asserted against public entities). Because the District is correct as a matter of law, and because Plaintiff failed to oppose the District's Motion, the Court **GRANTS** District's Motion to Strike **WITH PREJUDICE**.

## V. Leave to Amend

Courts have broad discretion to grant leave to amend a complaint. *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020). In determining whether a plaintiff should be granted leave to amend, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814–15 (9th Cir. 2020) (internal quotation marks and citation omitted). Generally, Rule 15 advises that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, "[i]t is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint," unless there is "a clear showing that amendment would be futile." *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (internal quotation marks and citation omitted). Here, because it is not apparent that amendment is futile, the Court exercises its discretion to **GRANT LEAVE TO AMEND**.

## VI. Order to Show Cause Re: Sanctions

Plaintiff's Complaint asserts six causes of action under various state and federal laws. Concerningly, most of these causes of action are not recognized under existing law and are not provided for within the statutes Plaintiff cites. For example, the Complaint attempts to bring its First, Second, Fourth, and Sixth causes of action under the California Education Code. *See Compl.* ¶¶ 21–23, 26–27, 30, 35–39, 46, 49. Yet, as the Motion correctly argues, there are no private causes of action for damages arising out of violations of the California Education Code. *See Mot.* at 16. Indeed, the California Education Code, and in particular, its sections pertaining to suspension and expulsion, "can only be read as part of a comprehensive legislative scheme designed to ensure procedural fairness in suspension and expulsion proceedings." *Tirpak v. Los Angeles Unified Sch. Dist.*, 187 Cal. App. 3d 639, 645, 232 Cal. Rptr. 61 (Ct. App. 1986). These sections "clearly retain their administrative character" and "do not expressly set forth a private cause of action for damages" for their breach, and do not provide for "a mandatory duty of care owed to plaintiffs with respect to economic damages arising from educational injury." *Id.*

Plaintiff's pleading of multiple causes of action not cognizable under existing law—and specifically, not provided for within the statutes to which he cites to bring these causes of action—"bear the hallmarks of" hallucinations created by artificial intelligence ("AI") tools. *Cummins v. Becerra*, No. 1:25-CV-01853-DC-AC, 2026 WL 373336, at *1 (E.D. Cal. Feb. 10, 2026) (issuing order to show cause for AI hallucinated case citations, including citations where cases existed but cited language did not exist); *see also Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 454 (S.D.N.Y. 2023) (sanctioning attorney for AI hallucinated citations, including to cases which "have correct names and citations but do not contain the language quoted or support the propositions for which they are offered.").

Accordingly, the Court **SETS** an **ORDER TO SHOW CAUSE Re: Monetary Sanctions and State Bar Referral of Angelina Mariscal** for breach of the duty of candor to the Court, to be heard in-person in Courtroom 6A on Friday, October 2, 2026, at 1:30 p.m. Defendant's appearance is optional. Plaintiff is further **ORDERED** to file a response, in writing, on or before September 29, 2026, why this Court should not impose sanctions. Angelina Mariscal **SHALL** file a declaration in support of her response to the Order to Show Cause, which shall address whether generative artificial intelligence was used to draft Plaintiff's Complaint, and what actions Plaintiff took to determine that the propositions of law were relied on by Plaintiff.

VII. Conclusion

For the foregoing reasons, the Court **ORDERS** as follows:

1. Defendant's Motion for to Dismiss and Motion to Strike (Dkt. # 10) is **GRANTED**. The Court **STRIKES WITH PREJUDICE** all references and prayers seeking emotional distress damages, punitive damages, or exemplary damages against the District. Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND** consistent with the requirements provided in this Order.

2. Within **twenty-one (21) days**, Plaintiff may file an amended Complaint or a notice of dismissal. Failure to timely file either document will result in dismissal of its case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).[2]

[2] *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063–65 (9th Cir. 2004) (stating that a plaintiff's failure to take any action in response to a court's ultimatum to the plaintiff to either amend their complaint or indicate to the court that it will not do so "is properly met with the sanction of a Rule 41(b) dismissal.").

Any amended Complaint must include as an appendix a "redline" version of the amended Complaint showing all additions and deletions of material.

3. The hearing set for October 2, 2026, on the Motion to Dismiss is **VACATED**.

4. Plaintiff is **ORDERED TO SHOW CAUSE** Re: Monetary Sanctions and State Bar Referral of Angelina Mariscal. Angelina Mariscal, Counsel for Plaintiff, is **ORDERED** to file a Response to the Order to Show Cause, including a Declaration as specified in Section VI of this Order, on or before **September 29, 2026**.

5. Angelina Mariscal, Counsel for Plaintiff, is **ORDERED** to appear in person at the hearing on the Order to Show Cause on **October 2, 2026**, at 1:30 p.m. in Courtroom 6A. Defendant is not required to appear.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ