UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-03777-MWC-SP Date: October 26, 2026

Title: Orlando Chechitelli v. Etiwanda School District, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER IMPOSING NON-MONETARY SANCTIONS AND REFERRAL TO STATE BAR OF CALIFORNIA OF ATTORNEY ANGELINA MARISCAL (DKT. [18])**

This matter came before the Court on October 2, 2026, for a hearing on the Court's September 28, 2026, Order to Show Cause re Monetary Sanctions and State Bar Referral of Angelina Mariscal ("Mariscal") given the Court's concerns about misuse of artificial intelligence ("AI"). *See* Dkt. # 18 ("*OSC*"). Having considered the Declaration of Angelina Mariscal in response to the Court's Order, Dkt. # 20 ("*Mariscal Decl.*"), and Mariscal's representations at the October 2, 2026, show cause hearing, the Court **ORDERS** Angelina Mariscal to self-report this Order of Non-Monetary Sanctions to the State Bar of California.

I. Background

On March 25, 2026, Plaintiff initiated his action against Etiwanda School District (the "District") and unnamed Doe Defendants 1–10 in San Bernadino County Superior Court, case number CIVRS2602872. *See* Dkt. # 1-1 ("*Compl.*"). On March 31, 2026, Defendants removed the action to this Court. *See* Dkt. # 1. On August 14, 2026, the District filed a Motion to Dismiss the Complaint and to strike the demand for emotional distress damages and implied demands for punitive damages. Dkt. # 10 ("*MTD*"). Plaintiff did not reply, and Defendant filed a Notice of Non-Opposition. Dkt. # 14.

The Complaint asserts six causes of action under various state and federal laws. Concerningly, most of these causes of action are neither recognized under existing law nor provided for within the statutes Plaintiff cites. For example, the Complaint attempts to bring its first, second, fourth, and sixth causes of action under the California Education Code. *See Compl.* ¶¶ 21–23, 26–27, 30, 35–39, 46, 49. Yet, the California Education Code

does not provide for private causes of action for damages. *See, e.g., Nicole M. By & Through Jacqueline M. v. Martinez Unified Sch. Dist.*, 964 F. Supp. 1369, 1390 (N.D. Cal. 1997) ("The California Education Code sections relied upon by plaintiff provide no private right of action."); *Block v. Bd. of California State Univ.*, No. CV 09-2273-VBF(MANX), 2009 WL 10672260, at *1 (C.D. Cal. Sept. 10, 2009) ("Plaintiff has no private right of action pursuant to the [California Education Code] statutes cited."). Indeed, the California Education Code "can only be read as part of a comprehensive legislative scheme designed to ensure procedural fairness in suspension and expulsion proceedings." *Tirpak v. Los Angeles Unified Sch. Dist.*, 187 Cal. App. 3d 639, 645 (1986). These sections "clearly retain their administrative character" and "do not expressly set forth a private cause of action for damages" for their breach, and do not provide for "a mandatory duty of care owed to plaintiffs with respect to economic damages arising from educational injury." *Id.*

The Complaint also brings nonsensical and nonexistent causes of action, such as "Coercion and Fear-Mongering," and "Continued Mistreatment After Retraction," each asserted under Title IX. *Compl.* ¶¶ 31–34, 40–43. The law does not recognize such causes to exist.

II. <u>Order to Show Cause Re: Sanctions</u>

On September 28, 2026, the Court granted the Motion to Dismiss and issued an Order to Show Cause re Monetary Sanctions and State Bar Referral of Angelina Mariscal ("OSC"), which stated, in relevant part:

> Plaintiff's pleading of multiple causes of action not cognizable under existing law—and specifically, not provided for within the statutes to which he cites to bring these causes of action—'bear the hallmarks of' hallucinations created by artificial intelligence ('AI') tools.

*OSC* at 7 (quoting *Cummins v. Becerra*, No. 1:25-CV-01853-DC-AC, 2026 WL 373336, at *1 (E.D. Cal. Feb. 10, 2026)). The OSC set a show cause hearing for October 2, 2026, and required Angelina Mariscal to "file a declaration in support of her response to the Order to Show Cause," by September 29, 2026, "which shall address whether generative artificial intelligence was used to draft Plaintiff's Complaint, and what actions Plaintiff took to determine that the propositions of law were relied on by Plaintiff." *OSC* at 7.

On September 29, 2026, Angelina Mariscal ("Mariscal") filed a declaration in response to the OSC ("Mariscal Declaration"). *See Mariscal Decl.* In her declaration, Mariscal stated that "Generative artificial intelligence was used as a research and drafting-assistance tool in preparing portions of Plaintiff's Complaint." *Id.* ¶ 5. Mariscal further attested that "[b]efore filing the Complaint, I reviewed the California statutory provisions cited in the pleading and verified that the statutes existed and that the statutory provisions concern the subject matter alleged in the Complaint." *Id.* ¶ 6. Mariscal acknowledged that this "prefiling review was nevertheless insufficient" in that she "verified the existence of the cited statutory provisions, [but] did not adequately verify whether each California Education Code provision itself created an independent private cause of action permitting recovery of monetary damages." *Id.* ¶ 7. Mariscal acknowledged, "I should have separately researched and resolved that question before pleading those provisions as independent causes of action." *Id.* ¶ 8.

Mariscal also attested, in her sworn declaration, that "[a]fter receiving Defendant's motion to dismiss, Counsel was in communication with new counsel to ask opposing counsel and/or the court for leave to amend and cure the defects." *Id.* ¶ 13. The Court notes that the Mariscal Declaration does not identify the third person "Counsel," and that the Court received no communication nor opposition from any counsel for Plaintiff following Defendant's filing of a Motion to Dismiss. The Court further notes that Defendant's Motion to Dismiss detailed Plaintiff's failure to meet and confer in good faith:

> Here, Defendant's counsel sent a comprehensive pre-removal meet-and-confer letter on July 7, 2026, pursuant to California Code of Civil Procedure §§ 430.41 and 435.5, detailing every legal deficiency later raised in federal court. Buczek Decl. ¶ 4, Ex. A. Following removal, Defendant's counsel initiated further outreach between July 16, 2026, and August 2, 2026, placing phone calls and sending multiple written communications to Plaintiff's counsel, Angelina Mariscal, Esq., to meet and confer under Local Rule 7-3. Buczek Decl. ¶¶ 7–11, Ex. B. Plaintiff's counsel failed to respond or engage in the requested real-time discussion. Buczek Decl. ¶ 12. Because the statutory response deadline is August 14, 2026, Defendant was forced to file this motion to avoid default. Fed. R. Civ. P. 81(c)(2)(C); Buczek Decl. ¶ 11, Ex. B. Under these circumstances, Defendant has acted with utmost diligence, and

> technical compliance with Rule 7-3 should be excused. *Harvest Aid, LLC v. Paul*, No. 25-2711, slip op. at 4 (9th Cir. Apr. 28, 2025); Buczek Decl. ¶¶ 7–12, Ex. B.

*MTD* at 15; *see also* Dkt. # 10-2 ("*Buczek Decl.*") ¶¶ 4, 7–12.

On October 2, 2026, the Court held a hearing on the Order to Show Cause, at which Mariscal appeared. Dkt. # 21. When asked about the use of artificial intelligence at the hearing, Mariscal initially denied that any AI had been used to draft any portion of the Complaint. The Court reminded Mariscal that her statements at the hearing contradicted the contents of her declaration, which stated that AI was, indeed, used to assist with drafting. *See Mariscal Decl.* ¶ 5. Mariscal subsequently acknowledged that she used AI to draft the initial Complaint but insisted that AI was not used in the decision to bring the case.

When asked to describe her prefiling investigation, Mariscal stated that she spoke with Plaintiff, Plaintiff's parents, and "reviewed documents," but emphasized that "the information wasn't there." When asked about her research process, Mariscal explained that she had "Googled" for some cases and used AI to complete her research. Mariscal continued to focus on the Complaint's erroneous plea for damages under Title IX (20 U.S.C. §§ 1681 *et seq.*), which does not provide a private cause of action for the emotional distress and punitive damages against a public entity. *See Fisk v. Bd. of Trs. of California State Univ.*, No. 22-CV-173 TWR (MSB), 2023 WL 2919317, at *12 (S.D. Cal. Apr. 12, 2023), *modified on reconsideration,* No. 22-CV-173 TWR (MSB), 2023 WL 6585821 (S.D. Cal. Oct. 10, 2023) ("Emotional distress damages and punitive damages . . . are not available when a recipient of federal financial assistance discriminates under Title IX because these are not traditional forms of relief for breach contract—i.e., it is not within the Court's power to award these types of damages.") (citations omitted); *K.M. v. Grossmont Union High Sch. Dist.*, 84 Cal. App. 5th 717, 742 (2022) (finding California Government Code § 818 "precludes application of [punitive damages] provision to public school districts . . . .").

Mariscal had no explanation for the Complaint's assertion of numerous fabricated causes of action not cognizable under the law. Mariscal conceded, "we didn't have anything at that time [of filing the initial complaint] to say there was a claim," and stated that her intent in filing the instant action was to "hold [Defendant school district's] feet to the fire."

Mariscal also repeatedly made statements to the effect that once Defendant informed her of the Complaint's deficiencies she "withdrew" the Complaint "to try again." The Court notes that Plaintiff never filed any pleadings with the Court indicating a "withdrawal" nor any requests for leave to file an amended complaint. Plaintiff did not file a notice of non-opposition to Defendant's Motion to Dismiss the Complaint. However, Defendant filed a Notice of Non-Opposition which stated that, as of Defendant's deadline to file a reply to any opposition, "Plaintiff has failed to file or serve an opposition, a statement of non-opposition, an ex parte application for an extension of time, or <u>any other response</u> to Defendant's Motion." Dkt. # 14 at 2 (emphasis added). Mariscal did not address her inaction with respect to the Motion to Dismiss. Further, Defendant filed a detailed declaration in support of its Motion to Dismiss which listed Defendant's numerous unsuccessful attempts to confer with Plaintiff's counsel. *See MTD* at 15; *see also Buczek Decl.* at ¶¶ 4, 7–12. Mariscal did not address her failure to meet and confer relating to the Motion to Dismiss and represented that she had been in communication with the Defendant since realizing "there is nothing here."

Mariscal asked the Court to decline ordering California State Bar referral several times. When asked about her ability to pay monetary sanctions, Mariscal indicated willingness to pay the amount the Court deemed appropriate, but requested the amount be set below one thousand dollars to avoid mandatory reporting to the California State Bar.

## III. <u>Discussion</u>

"While not inherently unethical or irresponsible, using generative AI without rigorously checking its output does present a higher risk of violating certain ethical and procedural rules." *Malkeet Lnu v. Blanche*, 177 F.4th 1014, 1024 (9th Cir. 2026).

### A. <u>Duties of Competence and Diligence</u>

The Local Rules of the Central District of California provide:

> In order to maintain the effective administration of justice and the integrity of the Court, each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto. These statutes, rules and decisions are

> hereby adopted as the standards of professional conduct, and any breach or violation thereof may be the basis for the imposition of discipline. The Model Rules of Professional Conduct of the American Bar Association may be considered as guidance.

C.D. Cal. L.R. 83-3.1.2.; *see also Cal Fresco, LLC v. Nutrition Corp, Inc.*, No. 8:23-CV-00970-MRA-JDE, 2025 WL 1235139, at *2 (C.D. Cal. Apr. 18, 2025) ("Attorneys practicing in this district must also comply with the standards of professional conduct contained in the State Bar Act and the Rules of Professional Conduct of the State Bar of California.") (citing C.D. Cal L.R. 83-3.1.2).

> The California Rules of Professional Conduct impose duties of competence and diligence. Cal. R. Prof. Conduct 1.1, 1.3. These duties apply to attorneys who prepare filings with generative AI and review such filings. Cal. Bar [2025] Practical Guidance [at] 2–3 (Duties of Competence and Diligence). At a bare minimum, these duties require lawyers to review the output of generative AI for fabrications and basic accuracy: Are these cases and quotations real? Does this case discuss the issue at hand?

*Malkeet Lnu*, 177 F.4th at 1026 (9th Cir. 2026) (citing State Bar of Cal. Standing Comm. On Prof. Resp. & Conduct, *Practical Guidance for the Use of Generative Artificial Intelligence in the Practice of Law* (2025), https://www.calbar.ca.gov/sites/default/files/2025-09/Generative-AI-Practical-Guidance .pdf [https://perma.cc/UAS5-8XXP] ("Cal. Bar 2025 Practical Guidance")).

"The duty of competence requires more than the mere detection and elimination of false or fabricated AI-generated results (i.e., hallucinations). Competence, at its core, requires that the lawyer (and not the technology) retains control over strategic decision-making and the ultimate exercise of professional judgment in the representation." State Bar of Cal. Standing Comm. On Prof. Resp. & Conduct, *Practical Guidance for the Use of Generative Artificial Intelligence in the Practice of Law* (2026), https://www.calbar.ca.gov/sites/default/files/portals/0/documents/ethics/Generative-AI-Practical-Guidance.pdf [https://perma.cc/5V83-9MCY] ("Cal. Bar 2026 Practical Guidance") at 4 (Duties of Competence and Diligence).

"To state the obvious, it is a fundamental duty of attorneys to *read* the legal authorities they cite in appellate briefs or any other court filings to determine that the authorities stand for the propositions for which they are cited." *Noland v. Land of the Free, L.P.*, 114 Cal. App. 5th 426, 445 (2025) (emphasis in original). Here, Counsel conceded that she did not read the statutes upon which she based the causes of action in the complaint. Had she read them, she would have discovered these causes of action are not cognizable under existing law—and specifically, not provided for within the statutes to which she cites to bring these causes of action.

A "lawyer shall not . . . present a claim or defense in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of the existing law." Cal. R. Prof. Conduct 3.1(a)(2).

The claims in the Complaint filed by Mariscal are not warranted under existing law. At no time did Mariscal represent to the Court that she possessed a good faith argument for an extension, modification, or reversal of the existing law. To the contrary, counsel conceded, "we didn't have anything at that time [of filing the initial complaint] to say there was a claim," and stated that her intent in filing the instant action was to "hold [Defendant school district's] feet to the fire."

Mariscal persisted in her pursuit of these specious claims even after defense counsel attempted to meet and confer with her prior to filing the motion to dismiss. While Mariscal states that she withdrew the Complaint once Defendant informed her of the Complaint's deficiencies, this statement is false. Plaintiff never filed any pleadings with the Court indicating a withdrawal nor any requests for leave to file an amended complaint. Plaintiff did not file a notice of non-opposition to Defendant's Motion to Dismiss. Defendant's Notice of Non-Opposition stated: "Plaintiff has failed to file or serve an opposition, a statement of non-opposition, an ex parte application for an extension of time, or any other response to Defendant's Motion." Dkt. # 14 at 2.

B. <u>Candor to the Tribunal; and Meritorious Claims and Contentions</u>

A lawyer "must review all outputs produced using AI tools for accuracy, including but not limited to analysis and citations to authority before submission to the court, and must independently verify and correct any errors or misleading statements made to the court, regardless of whether such outputs were generated with or without real-time human direction." Cal. Bar 2026 Practical Guidance at 9 (Candor to the Tribunal; and Meritorious Claims and Contentions).

Not only does the Complaint bear indicia of the unverified use of AI tools, but the Mariscal Declaration filed to respond to the instant OSC bears those indicia as well. Indeed, counsel's representations at the hearing on the OSC were inconsistent with the statements made in her declaration and counsel seemed wholly unfamiliar with the contents of her own declaration.

## IV. Duty to Report Attorneys Who Engage in Professional Misconduct

"A judge should take appropriate action upon receipt of reliable information indicating the likelihood that . . . a lawyer violated applicable rules of professional conduct." Code of Conduct for United States Judges, Canon 3(B)(6), *Guide to Judiciary Policy*, vol. 2A, ch. 2 (Judicial Conference of the United States 2019). "Public confidence in the integrity and impartiality of the judiciary is promoted when judges take appropriate action based on reliable information of likely misconduct. Appropriate action depends on the circumstances, but the overarching goal of such action should be to prevent harm to those affected by the misconduct and to prevent recurrence." *Id.* Canon 3(B)(6) cmt.

The Court finds monetary sanctions will not prevent harm to clients, opponents, the Court, and the public, caused by Mariscal's irresponsible use of artificial intelligence in her practice. Mariscal's request that any sanction imposed be limited to a monetary sanction below the threshold that would require mandatory self-reporting to the State Bar of California is troubling.

Mariscal conceded that she conducted an inadequate prefiling investigation, knew there was no viable claim at the time the Complaint was filed, and that her intent in filing this case was to "hold Defendant's feet to the fire." She further admitted that she relied on Google and AI tools to draft causes of action that had no basis in the law and had no explanation for their inclusion in the Complaint.

The Court finds Ms. Mariscal's actions in this case raises a substantial question as to her honesty, trustworthiness, or fitness as a lawyer. Accordingly, the Court **ORDERS** Angelina Mariscal to self-report this Order of Non-Monetary Sanctions to the State Bar of California.

## V. Conclusion

For the foregoing reasons, the Court **ORDERS** the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-03777-MWC-SP Date: October 26, 2026

Title: Orlando Chechitelli v. Etiwanda School District, *et al.*

1. Angelina Mariscal is hereby **ORDERED** to self-report[1] this Order of Non-Monetary Sanctions to the State Bar of California for purposes of determining whether counsel has violated provisions of the California Rules of Professional Conduct and the State Bar Act by no later than **November 13, 2026**.

2. Angelina Mariscal is further **ORDERED** NOT to use the form for non-mandatory reporting.

3. Angelina Mariscal is **ORDERED** to file proof of self-reporting to this Court by no later than **November 25, 2026.**

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ

[1] The form for self-reporting to the State Bar of California Bar is available at: https://www.calbar.ca.gov/sites/default/files/portals/0/documents/forms/Reporting-Form-Judicial-Sanctions.pdf